**In the Matter of TER–A–TOM ASSOCI-ATES, INC., trading as Klein's Delicatessen & Liquor Store, Bankrupt,**

**Herbert L. Klein and Bertha D. Klein, Appellants.**

**No. 16551.**

United States Court of Appeals Third Circuit.

Argued Oct. 19, 1967.

Decided Nov. 28, 1967.

Rehearing Denied Jan. 3, 1968.

Isadore B. Miller, Miller & Platt, Paterson, N. J., for appellants.

Jonathan Kohn, Furst, Furst, Feldman & Benenson, Newark, N. J. (Joseph G. Liebman, Newark, N. J., on the brief), for appellees.

Before HASTIE, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal raises the question whether Herbert and Bertha Klein, creditors of the bankrupt Ter-A-Tom Associates, Inc., were secured creditors entitled as such to the sum of $2,500.00 realized by the trustee in bankruptcy from the sale of a liquor inventory belonging to the bankrupt.

The Kleins sold their grocery and liquor business and their stock in trade to Ter-A-Tom. To secure an unpaid balance of the purchase price the sellers accepted a security agreement covering, among other things, "stock inventory; after acquired stock and chattels". Less than a year later the new proprietor was adjudicated bankrupt and the trustees in due course sold the bankrupt's assets. As secured creditors, the Kleins demanded all of the proceeds which represented assets covered by their security agreement. However, the referee denied so much of their claim as covered $2,500.00 attributable to the sale of the liquor inventory. More particularly, he ruled that the New Jersey liquor control laws prevent a security interest from attaching to a licensed dealer's liquor inventory. In addition, the referee indicated an alternative ground of decision, saying that Klein's "security agreement does not spell out that his lien was to attach to liquor stock, but merely recites stock of which groceries were a part. Furthermore, he was paid over $16,000.00 upon the sale by him of the business. The sale price was $44,000.00 of which $6,000.00 was attributable to liquor stock. It would appear that he then was paid for the liquor out of the $16,000.00 payment". We read the quoted language as a factual finding that the general language of the security agreement was not intended to and did not cover the liquor inventory, though the referee also reasoned and concluded that, as a matter of New Jersey law, a lien could not attach to such property.

The record justifies a factual finding that the liquor inventory was covered by the cash payment which attended the sale of the business and thus was not intended to be covered by the general phrase "stock inventory" as used in the security agreement. In connection with the sale of the business the parties had

assigned the specific sum of $6,000.00 as the value of the liquor inventory and the overall cash payment of $16,000.00 was sufficient to cover this item. By statute New Jersey strictly regulates quantity sales of liquor. N.J.S.A. Title 33. A license is required for any such sale. Sale prices are strictly controlled. Credit sales are regulated. The entire statutory scheme considered, the realization of a security interest in liquor, assuming its validity, would involve serious procedural difficulties and uncertainties. Indeed, the validity of a sale of liquor on credit would itself be questionable. Thus, where a sale of a business is attended by a cash payment large enough to cover the liquor stock involved, and the security agreement for the unpaid balance does not explicitly cover the liquor, it is not unreasonable to construe the bargain as including a cash sale of the liquor, as the referee did here.

We do not decide whether New Jersey law precludes the acquisition of a lien on a liquor inventory, particularly since it is far from clear that section 33:1–26, upon which the referee placed principal reliance, has that effect.

The judgment will be affirmed.